IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A.G. and J.R. | § | |
| | § | |
| v. | § | A-09-CA-057 LY |
| | § | |
| LEANDER INDEPENDENT SCHOOL | § | |
| DISTRICT and CATHRYN BOWLAND | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Leander Independent School District's Motion to Dismiss for Lack of Standing (Clerk's Doc. No. 12) filed July 17, 2009; Plaintiff's Second Motion for Leave to Amend, and Response to Defendant Leander I.S.D.'s Motion to Dismiss for Lack of Standing, Subject Thereto (Clerk's Doc. No. 15) filed July 28, 2009; and Defendant Leander Independent School District's Response to Plaintiff's Second Motion for Leave to Amend and Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Standing (Clerk's Doc. No. 16) filed August 10, 2009. The District Court referred all of these motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. BACKGROUND

This suit was originally filed by A.G. as next friend of J.R. for damages for the alleged misconduct of Defendant Cathryn Bowland, a teacher formerly employed by Leander Independent School District. Plaintiffs bring claims against Bowland both in her individual capacity and in her

capacity as an agent for Leander Independent School District. Plaintiffs also sue for actions taken by Leander Independent School District allegedly violative of J.R.'s statutory and constitutional rights. All of the events in issue occurred while J.R. was a minor.

Leander I.S.D. moves to dismiss this cause of action alleging that J.R. attained the age of majority since the lawsuit was filed, and thus A.G. no longer has standing to prosecute the case as J.R.'s next friend. Plaintiff responds by moving to amend the complaint and add J.R. as a party. Plaintiff asserts that A.G., as former custodial parent of J.R., maintains the right to bring a state law claim for all of J.R.'s medical expenses incurred during his minority.

Plaintiff also objects to and moves to strike the Declaration of Karie Lynn McSpadden (Assistant Superintendent and custodian of records for Leander I.S.D.), submitted in support of Leander I.S.D.'s motion[1]. In the declaration, McSpadden states that she reviewed J.R.'s enrollment forms and birth certificate, and that based on these records, J.R. was born on a date in 1991 prior to the day of the motion's filing (July 17). *See* Exhibit 1 to Motion to Dismiss.[2] Plaintiff asserts that this declaration violates the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g and 34 C.F.R. § 99.3, which establishes that a school district may not disclose personally identifiable information from a pupil record unless certain circumstances apply.

In its Reply, Leander I.S.D. states that it does not object to the removal of A.G.'s next friend status to allow J.R. to prosecute the case on his own behalf. Essentially, Leander I.S.D. does not object to the amendment of the Complaint which moots its Motion to Dismiss. However, Leander

---

[1] Although Plaintiff does not title its pleading to make this plain, in its response to the motion to dismiss, Plaintiff explicitly moves to strike the declaration. *See* Clerk's Doc. No. 15 at 3.

[2] The declaration thus essentially suggests that J.R.'s 18th birthday occurred between the date the suit was filed (January 27) and the date the motion to dismiss was filed (July 17).

I.S.D. does object to the allegation that it violated FERPA. Specifically, Leander I.S.D. points out that it did not disclose any "personally identifiable information" as defined in FERPA[3], and that FERPA creates an exception allowing a school district to disclose student information necessary to defend itself in the context of a legal proceeding brought by a student.[4] It asks that the motion to strike the declaration be denied by the Court.

## II. ANALYSIS

### A. The Motion to Amend

The Court will first address Plaintiff's Second Motion for Leave to Amend. FED. R. CIV. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[t]he court should freely give leave when justice so

---

[3] *See* 20 U.S.C. § 1232g; 34 C.F.R. § 99.3 (2006) stating:

Personally identifiable information includes, but is not limited to, the students' names, names of their parents or other family members, the addresses of the students or their family, any personal identifiers such as social security numbers or student numbers, a list of personal characteristics that would make the students' identities easily traceable or any other information that would make the students' identities easily traceable. 20 U.S.C. § 1232g; 34 C.F.R. § 99.3 (2006).

[4] *See* 34 C.F.R. § 99.31(a)(9)(iii)(B) stating:

If a parent or eligible student initiates legal action against an educational agency or institution, the agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.

3

requires," FED. R. CIV. P. 15(a)(2), but such leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

The Complaint initiating this case was filed on January 27, 2009. The evidence before the Court suggests that J.R. attained the age of majority within the last few months, and thus there is no issue regarding undue delay, bad faith, or possible dilatory motive raised by the request for leave to add J.R. as a party. Moreover, Leander I.S.D. does not object to the amendment. Accordingly, the Court RECOMMENDS that Plaintiff's Second Motion for Leave to Amend (Clerk's Doc. No. 15) be GRANTED.[5]

### B. The Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

---

[5] A.G. will remain a named plaintiff in the case, as A.G. is making a claim for past medical expenses incurred while J.R. was still a minor. In Texas, parents possess a cause of action to recover medical expenses incurred by their minor children. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).

355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555. In its most recent term, the Supreme Court made it plain that this new standard applies to all case, not just to antitrust claims, such as those in *Twombly*. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

Leander I.S.D. moves to dismiss, alleging that since J.R. is now 18 years old, his mother may no longer bring this case as his next friend. Whether an individual has the capacity to sue is determined by the law of the individual's domicile. FED. R. CIV. P. 17(b). In Texas, a minor plaintiff must be represented by a guardian or next friend to bring suit. *Kaplan v. Kaplan*, 373 S.W.2d 271, 273 (Tex. Civ. App. – Houston 1963, no writ). However, the authority of the next friend expires when the minor plaintiff reaches the age of majority. *Id.* at 275. The age of majority in Texas is eighteen. TEX. CIV. PRAC. & REM CODE ANN. § 129.001. There is no dispute that J.R. has reached the age of majority and therefore his mother can no longer act as his next friend. The parties also agree that J.R. may prosecute the case on his own behalf, and there is no objection to the amendment of the complaint to accomplish this. A court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3). Given that there is no objection to the amendment of the complaint to allow J.R. to substitute as plaintiff in place of A.G. (except as to her claim for medical expenses accrued prior to J.R. reaching majority), the Motion to Dismiss for Lack of Standing is moot and should be DENIED.

## C. The FERPA Argument

Finally, the Plaintiff moves to strike the McSapdden declaration because Leander I.S.D. allegedly violated FERPA when it included this affidavit with its motion. The Court disagrees. Although the declaration suggests that J.R.'s 18th birthday took place in a roughly six-month window in 2009, this information is not specific enough to identify J.R. Accordingly, the Court recommends that the Plaintiffs' Motion to Strike the Declaration of Karie Lynn McSpadden be denied.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Second Motion for Leave to Amend (filed as part of Clerk's Doc. No. 15)**.** The Magistrate Judge **FURTHER RECOMMENDS** that the District Judge **DENY** Defendant Leander Independent School District's Motion to Dismiss for Lack of Standing (Clerk's Doc. No. 12), in light of the amendment making J.R. a party plaintiff. **FINALLY, IT IS RECOMMENDED** that the District Judge **DENY** the motion to strike the declaration of Karie Lynn McSpadden contained within the Plaintiff's Response to Defendant Leander I.S.D.'s Motion to Dismiss.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE